**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

| | |
|---|---|
| ALVIN HAYNES, | ) |
| | ) |
| and | ) |
| | ) |
| CLAYTON JAMES, | ) |
| | ) |
|     Plaintiffs, | )  **CASE NO. 7:16-CV-00339** |
| | ) |
|     v. | ) |
| | ) |
| ASPLUNDH TREE EXPERT CO., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Asplundh Tree Expert Company (hereinafter "Asplundh"), by its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, files its Answer and Affirmative Defenses to Plaintiffs' Complaint, and states and alleges the following:

**JURISDICTION**

1.  Asplundh states that the allegations contained in paragraph 1 of Plaintiffs' Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Asplundh admits that Plaintiffs purport to bring claims pursuant to Title VII, but denies that they are entitled to any relief whatsoever, and denies all remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.  Asplundh states that the allegations contained in paragraph 2 of Plaintiffs' Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, the allegations are admitted.

3.    Asplundh states that the allegations contained in paragraph 3 of Plaintiffs' Complaint are conclusions of law to which no response is necessary.  To the extent that a response is required, Asplundh admits that Plaintiffs purport to bring a suit for retaliation under Va. Code § 40.1-51.2:1, but denies that they are entitled to any relief whatsoever, and denies all remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.    Asplundh states that the allegations contained in paragraph 4 of Plaintiffs' Complaint are conclusions of law to which no response is necessary.  To the extent that a response is required, the allegations are denied.

5.    Asplundh states that the allegations contained in paragraph 5 of Plaintiffs' Complaint are conclusions of law to which no response is necessary.  To the extent that a response is required, Asplundh admits that venue is proper but denies all remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.    In regard to the allegations contained in paragraph 6 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs filed charges with the Equal Employment Opportunity Commission, subsequently received EEOC Notices of Right to Sue dated April 20, 2016, and filed their Complaint within 90 days after April 20, 2016.  Asplundh denies all remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

**THE PARTIES**

7.    In regard to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Asplundh lacks information sufficient to admit or deny any allegations with respect to Plaintiff Alvin Haynes' residency.  However, Asplundh admits that Plaintiff Alvin Haynes is an African-American male approximately 53 years of age.  Asplundh denies that Plaintiff Alvin Haynes became employed with Asplundh on or around September 22, 2010, but admits that Mr. Haynes

became employed with Asplundh as a Groundsperson on or about September 24, 2009.

Asplundh further admits that Plaintiff Alvin Haynes was promoted to the position of Flagging

Foreperson in June, 2014.  Asplundh denies all remaining allegations contained in paragraph 7 of

Plaintiffs' Complaint.

8.      In regard to the allegations contained in paragraph 8 of Plaintiffs' Complaint,

Asplundh lacks information sufficient to admit or deny any allegations with respect to Plaintiff

Clayton James' residency.  However, Asplundh admits that Plaintiff Clayton James is an

African-American male approximately 53 years of age.  Asplundh denies that Plaintiff Clayton

James became employed with Asplundh on or around September 17, 2014, but admits that Mr.

James became employed with Asplundh as a Groundsperson on or about August 18, 2014.

Asplundh further admits that Plaintiff Clayton James was promoted to the position of

Trimmer/Climber in December, 2014.  Asplundh denies all remaining allegations contained in

paragraph 8 of Plaintiffs' Complaint.

9.      Asplundh admits the allegations contained in paragraph 9 of Plaintiffs'

Complaint.

10.      Asplundh states that the allegations contained in paragraph 10 of Plaintiffs'

Complaint are conclusions of law to which no response is necessary.  To the extent that a

response is required, the allegations are denied.

## FACTUAL BACKGROUND

11.      Asplundh admits the allegations contained in paragraph 11 of Plaintiffs'

Complaint.

12.      In regard to the allegations contained in paragraph 12 of Plaintiffs' Complaint,

Asplundh admits that, at times prior to and during December, 2014, Plaintiffs worked as part of a

flagging crew led by Plaintiff Haynes and supervised by General Foreman William "Tony" Garst, a Caucasian male. Asplundh denies all remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     In regard to the allegations contained in paragraph 13 of Plaintiffs' Complaint, Asplundh admits that Tony Garst reports directly to Field Supervisor Mike Meador, who is a Caucasian male. Asplundh denies all remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     In regard to the allegations contained in paragraph 14 of Plaintiffs' Complaint, Asplundh admits that, during the relevant time period, Plaintiffs often worked together on the same flagging crew and that, when working together on the same crew, Plaintiff Hayes was Plaintiff James' immediate supervisor. Asplundh denies all remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     Asplundh denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Asplundh denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Asplundh denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     Asplundh denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     In regard to the allegations contained in paragraph 19 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs worked at a job site in or around Roanoke, Virginia on December

-5-

19, 2014 and that Mr. Garst visited the work site during that afternoon.  Asplundh denies all remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Asplundh denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Asplundh denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Asplundh denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. In regard to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs were the only African-Americans working on their crew on December 19, 2014.  Asplundh lacks information sufficient to admit or deny the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint, and therefore deny them.

24. Asplundh denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Asplundh denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Asplundh denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Asplundh denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Asplundh denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Asplundh denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Asplundh denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     In regard to the allegations contained in paragraph 31 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs attached a copy of Asplundh's Employee Handbook, revised May, 2015, as Exhibit B to their Complaint.  Asplundh further admits that Tony Garst remains employed by Asplundh.  Asplundh denies all remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     In regard to the allegations contained in paragraph 32 of Plaintiffs' Complaint, Asplundh admits that the excerpts therein represent a portion of the Workplace Violence Policy contained in the Asplundh Employee Handbook attached as Exhibit B to Plaintiffs' Complaint. Asplundh denies all remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Asplundh denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Asplundh denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Asplundh denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     In regard to the allegations contained in paragraph 36 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs lodged a complaint with Asplundh with respect to an alleged incident involving Tony Garst.  Asplundh denies all remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     In regard to the allegations contained in paragraph 37 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs were informed that their complaint would be investigated. Asplundh denies all remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Asplundh denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     In regard to the allegations contained in paragraph 39 of Plaintiffs' Complaint, Asplundh admits that the excerpt therein represents a portion of the Discipline and Discharge policy contained in the Asplundh Employee Handbook attached as Exhibit B to Plaintiffs' Complaint.  Asplundh denies all remaining allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     Asplundh denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Asplundh denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Asplundh denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Asplundh denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Asplundh denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     In regard to the allegations contained in paragraph 45 of Plaintiffs' Complaint, Asplundh admits that Mike Meador informed Plaintiffs that Asplundh received a letter reporting

that Plaintiffs were observed smoking marijuana at a work site.  Asplundh denies all remaining allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Asplundh denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Asplundh denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Asplundh admits the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Asplundh denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     Asplundh denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     In regard to the allegations contained in paragraph 51 of Plaintiffs' Complaint, Asplundh admits that Plaintiffs were suspended from work without pay during the pendency of their drug screens.  Asplundh further admits that, after their drug screens came back positive for marijuana, Robert Stack informed them that they had the opportunity to attend a substance abuse program ("SAP") at their own cost, upon the successful completion of which Plaintiffs could return to work.  Asplundh denies all remaining allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Asplundh denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Asplundh denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

## COUNT ONE
## Title VII Hostile Work Environment

54.     Asplundh incorporates by reference its responses to paragraphs 1-53 of Plaintiffs' Complaint.

55.     Asplundh states that the allegations contained in paragraph 55 of Plaintiffs' Complaint are conclusions of law to which no response is necessary.  To the extent that a response is required, Asplundh states that Asplundh maintained a work environment that was not charged with racial discrimination or hostile to Plaintiffs or other individuals of African-American descent, but denies all remaining allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.     Asplundh denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Asplundh denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.     Asplundh denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Asplundh denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     Asplundh denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Asplundh denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. Asplundh denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63. Asplundh denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

## COUNT TWO
## Title VII Discrimination

64. Asplundh incorporates by reference its responses to paragraphs 1-63 of Plaintiffs' Complaint.

65. Asplundh states that the allegations contained in paragraph 65 of Plaintiffs' Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Asplundh states that Asplundh at all times met or exceeded its obligations under Title VII, but denies all remaining allegations contained in paragraph 65 of Plaintiffs' Complaint as written.

66. Asplundh denies the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. Asplundh denies the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. Asplundh denies the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. Asplundh denies the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70. Asplundh denies the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Asplundh denies the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Asplundh denies the allegations contained in paragraph 72 of Plaintiffs' Complaint.

### COUNT THREE
### CLAIM FOR 1981 RACE DISCRMINATION

73.     Asplundh incorporates by reference its responses to paragraphs 1-72 of Plaintiffs' Complaint.

74.     Asplundh states that the allegations contained in paragraph 74 of Plaintiffs' Complaint are conclusions of law to which no response is necessary.  To the extent that a response is required, Asplundh states that Asplundh maintained a work environment that was not charged with racial discrimination or hostile to Plaintiffs or other individuals of African-American descent, but denies all remaining allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.     Asplundh denies the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     Asplundh denies the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.     Asplundh denies the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     Asplundh denies the allegations contained in paragraph 78 of Plaintiffs' Complaint.

-11-

79.     Asplundh denies the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.     Asplundh denies the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     Asplundh denies the allegations contained in paragraph 81 of Plaintiffs' Complaint.

## COUNT FOUR
## VIOLATION OF VIRGINIA CODE SEC. 40.1-21.2:1 [SIC]: RETALIATION

82.     Asplundh incorporates by reference its responses to paragraphs 1-81 of Plaintiffs' Complaint.

83.     Asplundh denies the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.     Asplundh denies the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     Asplundh denies the allegations contained in paragraph 85 of Plaintiffs' Complaint.

86.     Asplundh denies the allegations contained in paragraph 86 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

87.     With respect to the allegations contained in the unnumbered paragraph following paragraph 86 of Plaintiffs' Complaint, Asplundh admits only that Plaintiffs purport to demand judgment against Asplundh in the amount of $500,000.00 per plaintiff.   Asplundh denies the remaining allegations contained in the unnumbered paragraph following paragraph 86 of

-12-

Plaintiffs' Complaint, and denies that Plaintiffs are entitled to the relief requested, or any other relief whatsoever.

## GENERAL DENIAL

88.     Asplundh denies each and every allegation of fact, conclusion of law, or other matter contained in Plaintiffs' Complaint not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Asplundh asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Asplundh and are Plaintiffs' burden to prove.  Asplundh further avers that Plaintiffs' claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission.

3.      Some or all of Plaintiffs' claims cannot be litigated because they are beyond the scope of Plaintiffs' administrative charges, were not subject to administrative investigatory or conciliation processes, and were not included in any determinations by the Equal Employment Opportunity Commission.

4.      Plaintiffs' claims are barred, in whole or in part, to the extent that they did not comply with the requirements of Virginia Code § 40.1-51.2:2 or any related provision, including the requirement that any such action be filed in Circuit Court.

5.      Plaintiffs' claims are not actionable because the challenged employment practices and actions were and are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to race.

6.      All action, or lack thereof, taken with respect to Plaintiffs was based on factors other than race or any other status protected by federal or state law.

7.      Neither Plaintiff was subjected to any adverse employment action, and particularly neither Plaintiff was discharged from employment as alleged, but rather resigned from employment.

8.      At all times, Asplundh's actions were lawful, justified, and made in good faith.

9.      Asplundh states that if any of the allegations and unlawful conduct contained in the Complaint are found to have merit, such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

10.      Asplundh exercised reasonable care to prevent a hostile environment, and harassment, , and correct promptly any discriminatory or harassing behavior (including having in place a clear and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Plaintiff unreasonably failed to take advantage of these preventive or corrective opportunities provided by Fastenal or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

11.      Plaintiffs' claims are barred to the extent they unreasonably failed to place Asplundh on notice of allegedly discriminatory or harassing conduct by co-workers.

12.      Plaintiffs' claims are barred to the extent they cannot show a causal connection between any discriminatory or harassing conduct and any adverse employment action.

-14-

13.     To the extent Plaintiffs complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, Asplundh undertook a prompt investigation and made an appropriate remedial response or responses.

14.     If any improper, illegal, or discriminatory act or acts were taken by any employee of Asplundh against Plaintiffs, it or they were outside the course and scope of that employee's employment, contrary to Asplundh's policies, and were not ratified, confirmed, or approved by Asplundh. Thus, any such actions cannot be attributed or imputed to Asplundh.

15.     To the extent Plaintiffs prove that their race was a substantial motivating factor in any employment decision or action affecting either or both of them, Asplundh will show that the same decision would have been reached regardless of any such protected characteristic.

16.     Plaintiffs are not entitled to any damages for any period they voluntarily chose to leave the workforce.

17.     Without conceding that Plaintiffs have suffered any damages as a result of any alleged wrongdoing by Asplundh, Plaintiffs have failed to mitigate their claimed damages. To the extent Plaintiffs have mitigated their damages, Asplundh is entitled to offset those amounts they have earned.

18.     Plaintiffs are barred from receiving back pay or related damages for the period of time this matter was pending at the Equal Employment Opportunity Commission beyond the 180-day investigation period.

19.     Plaintiffs' pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Asplundh did not proximately cause or contribute in any manner to Plaintiffs' alleged injuries or damages, and Asplundh may not be held liable for any such alleged injuries or damages.

20.     To the extent that either Plaintiff has accepted other employment and has been discharged for good cause from such employment, Plaintiffs are barred from receiving equitable remedies, including reinstatement to employment and recovery of front pay or back pay.

21.     Plaintiffs' claims for punitive damages fail because Asplundh did not act with malice or reckless indifference to Plaintiff's federally protected rights.

22.     The allegations of Plaintiffs' Complaint are insufficient to entitle them to punitive damages.

23.     Fastenal cannot be liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

24.     Under 42 U.S.C. § 1981a, any award of compensatory and punitive damages to either Plaintiff may not exceed $300,000.

25.     Asplundh is entitled to recovery of its attorneys' fees (including any expert fees) pursuant to 42 U.S.C. § 2000e-5(k).

26.     Asplundh reserves the right to rely upon the defense(s), as may be developed through discovery and the evidence, that Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or unclean hands.

27.     Asplundh reserves the right to state additional affirmative defenses.

WHEREFORE, having answered Plaintiffs' Complaint and asserted its defenses, Defendant Asplundh respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, enter judgment in favor of Defendant Asplundh, and award Defendant Asplundh its attorneys' fees and any other relief the Court deems appropriate.

Dated: <u>August 31, 2016</u>          Respectfully Submitted,

                                **ASPLUNDH TREE EXPERT CO.**

                                By___/s/ *Jimmy F. Robinson, Jr.*
                                Jimmy F. Robinson, Jr., Esquire
                                Virginia State Bar Number 43622
                                jimmy.robinson@ogletreedeakins.com
                                J. Clay Rollins, Esquire
                                Virginia State Bar Number 84382
                                clay.rollins@ogletreedeakins.com
                                *Counsel for Defendant*
                                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                901 East Byrd Street, Suite 1300
                                Riverfront Plaza, West Tower
                                Richmond, VA  23219
                                Tel.:   (804) 663-2336
                                Fax:   (855) 843-1809

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2016, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs:

Thomas E. Strelka, Esquire
Virginia State Bar Number 75488
thomas@strelkalaw.com
L. Leigh R. Strelka, Esquire
leigh@strelkalaw.com
Virginia State Bar Number 73355
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel.:    (540) 283-0802

*Counsel for Plaintiffs*

**ASPLUNDH TREE EXPERT CO.**

By____/s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:    (804) 663-2336
 Fax:    (855) 843-1809

25917866.6

-18-