IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ALVIN HAYNES, | ) |
| and | ) |
| CLAYTON JAMES, | ) |
| Plaintiffs, | ) CASE NO. 7:16-CV-00339 |
| v. | ) |
| ASPLUNDH TREE EXPERT CO., | ) |
| Defendant. | ) |

**Defendant's Memorandum in Support of its**
**Motion to Supplement Answer and Affirmative Defenses**

COMES NOW Defendant Asplundh Tree Expert Co. (hereinafter, "Asplundh" or "Defendant"), by counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby states the following in support of its Motion to Supplement Answer and Affirmative Defenses.

### I.  Procedural and Factual Background

Plaintiffs filed their Complaint on July 15, 2016. ECF No. 1. Defendant filed its Answer on August 31, 2016. Discovery commenced only very recently, as the parties began exchanging their first responses to written discovery on December 16, 2016. The parties have not even started the meet-and-confer process with respect to their respective written discovery requests or document productions. Importantly, depositions are tentatively scheduled to begin in February, 2017, but have not been conclusively set. July 16, 2016 is the deadline to complete discovery; therefore, discovery is in its infancy. *See* ECF No. 7.

During the course of its factual investigation, Defendant became aware that both Plaintiffs to this action agreed, via written contract, to bring any claims against Asplundh within 6 months after such claims arose. Plaintiffs' agreements bar at least some of their claims inasmuch as they were not brought within 6 months after the operative events, even as alleged. Asplundh has proposed no further material changes to its original Answer. As a result, Asplundh respectfully requests that this Court grant it leave to file the proposed Amended Answer attached hereto as **Exhibit A**.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the opposing party's written consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2); *see also Area Realty, Inc. v. Wintergreen Partners, Inc.*, 3:07-cv-00016, 2007 U.S. Dist. LEXIS 60068, at *1 (W.D. Va. 2007) ("Rule 15(a) of the Federal Rules of Civil Procedure states that a plaintiff . . . [may] amend his complaint so long as either the adverse party consents in writing or the court grants leave to amend."). Courts are encouraged to grant such leave "freely." *Wintergreen Partners, Inc.*, 2007 U.S. Dist. LEXIS 60068, at *1; *see also Pennell v. Vacation Reservation Ctr., LLC*, 4:11-cv-53, 2011 WL 6960814, at *1 (E.D. Va. Sept. 20, 2011). The Fourth Circuit's policy is "'to liberally allow amendment in keeping with the spirit of [Fed. R. Civ. P.] 15(a).'" *LaFleur v. Dollar Tree Stores, Inc.*, 2:12-cv-00363, 2014 WL 37662 (E.D. Va. Jan. 3, 2014) (quoting *Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir. 2010)). Specifically, leave to amend a pleading "'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Pennell*, 2011 WL 6960814, at *1 (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999)) (granting defendant's motion for leave to file an amended

2

answer adding affirmative defenses); *see also Kerr v. Seaworld Parks & Entm't LLC*, 4:10-cv-90, 2011 WL 3298879 (E.D. Va. Jan. 28, 2011) (same). "Courts often grant parties leave to amend their pleadings for the specific purpose of asserting an affirmative defense." *Mulvey Construction, Inc., et al. v. Bituminous Cas. Corp., et al.*, 2011 U.S. Dist. LEXIS 34928 (S.D. W. Va. 2011) (citing *Igen Int'l. Inc. v. Roche Diagnostics GMBH, et al.*, 335 F.3d 303, 311 (4th Cir. 2003) (district court abused its discretion in not allowing party to amend its answer when the party tried to assert a defense "within a pragmatically sufficient time."); *Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co., et al.*, 938 F.2d 502, 507-08 (4th Cir. 1991) (district court did not err in allowing a party to amend its answer to assert the defense of illegality following the close of evidence at trial). Indeed, this Court has previously granted leave to amend an Answer and add an affirmative defense well after the current stage of litigation. *See Alamjamili v. Berglundh Chevrolet, Inc.*, No. 7:09-cv-213, 2011 WL 1479101112, at *16 (W.D. Va. Apr. 18, 2011).

**III.    This Court Should Allow Asplundh's Proposed Amendments.**

In light of the early stage of discovery in the present litigation, and the fact that Asplundh seeks only to add a single affirmative defense – contractual limitations – to its original Answer, Plaintiffs will not be prejudiced by Asplundh's proposed amendment. Asplundh acts in good faith by seeking to add this affirmative defense, which it recently discovered may be a valid defense to some of Plaintiffs' claims.

**IV.    Conclusion**

For the foregoing reasons, Defendant Asplundh Tree Expert Co. respectfully requests that this Court enter an order granting it leave to file the Amended Answer to Plaintiff's Complaint which is attached hereto as **Exhibit A**.

3

Dated: December 28, 2016            Respectfully Submitted,

**ASPLUNDH TREE EXPERT CO.**

By   /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:    (804) 663-2336
Fax:    (855) 843-1809

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2016, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs:

Thomas E. Strelka, Esquire
Virginia State Bar Number 75488
thomas@strelkalaw.com
L. Leigh R. Strelka, Esquire
leigh@strelkalaw.com
Virginia State Bar Number 73355
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel.:   (540) 283-0802

*Counsel for Plaintiffs*


**ASPLUNDH TREE EXPERT CO.**

By   /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:   (804) 663-2336
 Fax:   (855) 843-1809

28138110.1